**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TARAS JERMAINE WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-01051 JMB |
| ) | |
| UNITED STATES DISTRICT COURT FOR ) | |
| THE EASTERN DISTRICT OF MISSOURI, ) | |
| et al., ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented ("pro se") plaintiff Taras Jermaine Wallace to proceed in the district court without prepaying fees or costs. Based on the financial information provided in the application, the application will be granted and plaintiff's filing fee will be waived. Additionally, based on initial review, plaintiff's complaint will be dismissed without prejudice.

**Standard of Review**

A complaint filed by a non-prisoner without prepaying fees and costs is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 F. App'x 581 (8th Cir. 2008) (stating that "contrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service").

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Background**

Plaintiff has filed this case once before and the Court dismissed it on initial review pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. *See Wallace v. E.D. Mo., et al.*, 4:23-CV-00820-JMB at ECF No. 9 (E.D. Mo. filed Aug. 16, 2023). The Court's prior memorandum and order addresses plaintiff's underlying criminal conviction upon which both

civil cases are based, *United States v. Wallace*, No. 4:18-CR-970-JAR (E.D. Mo. filed Nov. 15, 2018). *See id.* at 2-3.

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against this Court and several individuals involved in the prosecution and defense of his underlying federal criminal action, *United States v. Wallace*, No. 4:18-CR-970-JAR. He names as defendants the United States District Court for the Eastern District of Missouri; Amy E. Sestric, Assistant United States Attorney (AUSA); Paul Joseph D'Agrosa, AUSA; Charles Banks, Public Defender; and Levell Littleton, CJA Appointed Counsel.

For his statement of claim, plaintiff states in full:

1. What happened to you? My rights as a citizen were taken away for 6 years
2. When did it happen? September 17, 2018
3. Where did it happen? 6300 Sherry Ave.
4. What injuries did you suffer? Defamation, money, life in general for 6 years
5. What did each defendant personally do, or fail to do, to harm you? Dismiss a contempt indictment, give me relief from imprisonment, slander my name, fulfill their obligations in the 8 circuit eastern district federal court room, sending me to a prison hospital for a psych evaluation. Base on a three count indictment that was a prompt disposition. Even after I was label competent, by the first illegal psych evaluations without a motion filed in federal court on my behalf for pro se lawyer where Covid 19 was really a problem at the time, Chicago Pushing me thr[ough] the federal penal system with No connection to the bureau of prison. With a overturn conviction inmate register number that was overturn, in 2005 and revived by a Chief Justice that had ruled the three count indictment was a 10 amendment violation. I had no criminal intent and No connection to contraband, in 2020, slandering my class of person. The government, and my attorney acted as if, I had a offense, 2.8 grams of cocaine base is not 5 grams or more to prosecute in a federal court of law, under statute 18 USC 841. Also, I never plead out to any count on the 2018 indictment. The US government and attorneys used the obstruction of law enforcement Base on the [due] diligence of prison staff. [illegible] the staff think I would have to be a convict[ed] felon.

ECF No. 1 at 5. For relief, plaintiff seeks $30,000 to $40,000 per year for the six years of his alleged false imprisonment.

**Discussion**

Plaintiff's claims are the same as those the Court dismissed without prejudice in his prior suit, *Wallace v. E.D. Mo., et al.*, 4:23-CV-00820-JMB (E.D. Mo. Aug. 16, 2023). Plaintiff has sued the same defendants arising out the same underlying criminal proceeding. He filed this action six days after the Court dismissed his prior case on initial review. *Id.* The Court incorporates herein by reference its prior memorandum and order filed August 16, 2023 in *Wallace v. E.D. Mo., et al.*, 4:23-CV-00820-JMB at ECF 9. In short, plaintiff's complaint states no facts which support a plausible claim that any defendant violated the Tenth Amendment, and neither the Court nor the attorneys plaintiff has named as defendants are subject to suit under 42 U.S.C. § 1983. *Id.* at 5-6. As was the case with plaintiff's prior complaint and its supplements, plaintiff has failed to state a claim upon which relief may be granted and his case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An order of dismissal will accompany this memorandum and order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of October, 2023.